## Prudential Ins. Co. of America v. Lampley.

May 9, 1944

Wheeler & Shelbourne for appellant.

Charles Lowry for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 5, 1941, Plez Lampley applied to the Prudential Insurance Company of America for a policy of insurance on his life in the sum of $390 and the policy was issued on June 9, 1941. The beneficiary named in the policy was Mrs. Myrtle Lampley, wife of the insured. Lampley paid the weekly premium of 50c until September 5, 1941, the date of his death. The beneficiary furnished proofs of the death of the insured to the company, which denied liability, and on January 22, 1942, brought this action to recover on the policy. The company defended on the ground that the insured made false answers to questions in the written application signed by him which were material to the risk. In its answer the defendant set forth the following questions and answers contained in the application, and alleged that the answer in each instance was false and material:

"23. Does any physical or mental defect or vision impairment exist? A. No. 24. What is present condition of health? A. Good. 25. When last sick? Of what disease? A. 4th month of 1918, influenza. 26. Has person proposed ever had * * * disease of heart, * * *? Give particulars. A. Influenza 1918. Full recovery. 28. Has person proposed been treated by a doctor or at a dispensary within three years, or ever been confined to a hospital or sanitarium for any reason? Give particulars. A. No."

The applicant further stated:

"I hereby declare that all statements and all the answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, shall constitute an application for insurance. I agree that no agent has the authority to waive the answer to any question herein, to modify this application, or to bind the Company by making any promise or representation or by giving or receiving any information."

It was alleged in the answer that all of the answers to questions Nos. 23, 24, 25, 26, and 28 in the application were false and known to the applicant to be false; that the information disclosed by the answers was material; and that:

"Within three years, next preceeding the date of

application, applicant was confined at the Illinois Central Hospital at Paducah, Kentucky, from May 17, 1938, to June 25, 1938, and at said time had a disease of heart trouble, to-wit: hypertension, mitral regurgitation and cardiac hypertension, and was then and there treated by physicians in and at the Illinois Central Hospital and was suffering from heart trouble, and his heart was greatly enlarged. He had calcified areas in both lungs and was suffering from myocardial degeneracy.

"The applicant was confined in the Illinois Central Hospital at Paducah, Kentucky, from May 17, 1938, to June 25, 1938, for a period of five weeks and was disabled for thirteen weeks and at all times thereafter suffered with shortness of breath and many symptoms of heart ailment, and had a chronic heart trouble, and after the thirteen weeks disability, by reason of heart trouble in 1938, the applicant filed with and received from the Zurich Insurance Company, then and there the carrier of group insurance upon employees of the Illinois Central Railroad Company, claim for disability benefits on account of heart disease, which totally disabled the applicant for a period of thirteen weeks."

The defendant further alleged in its answer that if truthful answers had been made to the questions in the application it, acting in accordance with the well-recognized custom and practice of reputable insurance companies, would not have issued the policy. The defendant tendered to the plaintiff the full amount of premiums which the insured had paid, with interest thereon from date of receipt. In her reply the plaintiff admitted that the questions and answers contained in the application signed by the insured were correctly set forth in the answer, and that the insured was confined in the Illinois Central Hospital from May 17, 1938, to June 25, 1938, and that he collected disability benefits from the Zurich Insurance Company some time prior to the issuance of the policy. She denied that the false statements and misrepresentations contained in the application were relied upon by the defendant in issuing the policy, and alleged affirmatively that on the day the application was signed by her husband she told Leo Blake, defendant's agent, that Plez Lampley had a hospital record and his physical condition was such that no insurance company would issue a policy to him. Mrs. Lampley, the only witness introduced for the plaintiff,

testified that she was not present when the application was filled out and signed and did not hear any of the conversation between her husband and the agent. The application was signed late in the afternoon of June 5, 1941. Mrs. Lampley had a conversation with Mr. Blake, the agent, during the morning of the same day, and, when asked what took place at that time, said:

"Well, I had some old policies that I had sold, and Mr. Blake came after these policies and he asked me if I didn't want to have some more insurance written, and I told him that I didn't think I needed any more except on my husband and that I didn't think he could get a policy because he had a hospital record, and he said he thought he could get it for me, and he came back that afternoon with the policy."

Obviously, she was referring to the application, since it is conceded that the application was signed on June 5th and delivered to Blake, who forwarded it to the home office of the company where the policy was issued on June 9th. Leo Blake, the agent who took the application, testified that he was soliciting agent for the Prudential Insurance Company of America, and that he knew nothing about Lampley's condition of health at the time he solicited his application or that Lampley had been a patient in the Illinois Central Hospital in May, 1938, or that his condition was diagnosed as chronic heart trouble. He wrote down the answers in the application as Lampley made them. A physician who was a medical examiner for several insurance companies testified that if truthful answers had been given to the questions asked in Mr. Lampley's application a reputable, solvent insurance company, acting reasonably and in accordance with the usual practice of insurance companies, would not have accepted the application. The assistant superintendent of the Prudential Insurance Company testified that he was familiar with the grounds upon which applications for insurance with the Prudential Company were accepted or rejected, and that if true answers had been given to the questions asked in the application the policy would not have been issued. The court submitted the case to the jury and in instruction No. 2 told them that if they believed from the evidence that at the time the application was taken the plaintiff told the defendant's agent that the applicant had a hospital record and had been confined to the

hospital and that his physical condition was such that no insurance company would issue a policy to him, then the law was for the plaintiff and they should so find. The jury returned a verdict for the plaintiff, and the defendant has filed a motion for an appeal.

The court erred in overruling the defendant's motion for a peremptory instruction to find for it. KRS 296.160 provides:

"All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties. Misrepresentations, in an application, unless they are material or fraudulent, shall not prevent a recovery on the policy."

This section has been construed in many cases by this court, and we have uniformly held that a material misrepresentation in an application for an insurance policy, though innocently made, will avoid it and that although the misrepresentation may not be material, yet if it is fraudulently made by the insured it will, nevertheless, avoid the policy. Kentucky Home Mutual Life Insurance Company v. Suttles, 288 Ky. 551, 156 S. W. (2d) 862; Ford v. Commonwealth Life Insurance Company, 252 Ky. 565, 67 S. W. (2d) 950; National Life & Accident Insurance Company v. Fisher, 211 Ky. 12, 276 S. W. 981; Security Life Insurance Company of America v. Black's Adm'r, 190 Ky. 23, 226 S. W. 355. Obviously, the representations made by the insured in the present case are material and it is conceded that they are false. Questions contained in an application for insurance concerning the applicant's state of health, past medical treatment, consulation and the like are of the gravest importance, and it is the duty of the applicant to exercise good faith and answer them truthfully. John Hancock Mutual Life Insurance Company v. DeWitt, 259 Ky. 220, 82 S. W. (2d) 317. The importance of a false statement by an applicant for a policy of insurance as to such matters lies in the fact that he conceals from the insurer material facts, and thus deprives it of the opportunity of making an independent investigation and of obtaining further information so as to enable it to decide for itself whether to issue the policy.

Appellee endeavored to show that appellant, through its agent, Leo Blake, had knowledge of all the facts, and it is argued that it is estopped to rely upon

500

the falsity of the answers in the application. Blake was merely a soliciting agent, and the applicant had notice of the limitations upon his authority. In the recent case of Prudential Insurance Company v. Jenkins, 290 Ky. 802, 162 S. W. (2d) 791, it was held that where limitations on the soliciting agent's authority are contained in the application, the insured is bound to take notice thereof and cannot hold the company bound for acts of the agent beyond such limitations. Such an agent cannot bind his principal by an act of waiver which conceals information in the application material to the risk. Staples v. Continental Insurance Company, 223 Ky. 842, 5 S. W. (2d) 265; Connecticut Fire Insurance Company v. Roberts, 226 Ky. 534, 11 S. W. (2d) 148. Furthermore, the information which appellee claims she gave Blake in the present case was not sufficient to constitute notice of the facts to the company even though Blake had been a general agent with authority to waive the provisions of the application. Appellee stated that she told Blake her husband had a hospital record. She did not say he had a chronic heart ailment nor did she tell Blake when her husband had been hospitalized. In answering the questions contained in the application, the applicant stated that his last illness, influenza, occurred in 1918. That this was the occasion referred to by appellee would have been a logical deduction by the agent.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.