## Commonwealth Life Ins. Co. v. Bruner et al.

Feb. 2, 1945.

Hiram H. Owens and J. Verser Conner for appellant.

Guy L. Dickinson for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On April 21, 1943, one of the appellees and a plaintiff below, Maude Bruner, signed an application addressed to the appellant, and defendant below, Commonwealth Life Insurance Company, of Louisville, Kentucky, for the issuance of a life insurance policy in the sum of $400 on the life of her son, C. Jack Bruner, who was then not quite 12 years of age.

The application was favorably acted on by appellant by its issuing the policy applied for, on May 3, 1943, in which appellees (father and mother) were named beneficiaries. The insured died on the following 29th day of July. The premium was 20c per week, all of which was paid up to the time of insured's death, amounting to $2.80. After proof of insured's death defendant declined to make payment, but it tendered to the beneficiaries the total amount of premiums paid in discharge of its obligation under the policy, but which they refused. Thereupon this action was filed by them in the Knox circuit court against appellant to recover the amount of the policy.

Defendant answered, defending the action on false statements material to the risk contained in the application, and which were that the insured was in good health at the time the policy was issued. Question 17 in the application is: "Has proposed insured ever had, or been advised to have, any surgical operations?" followed by the answer, "Yes", and in answer to question 24 applicant stated that the surgical operation referred to was for appendicitis. It was then asked "number of attacks", the answer to which was "One". A part of the same question was, "Any remaining effects", followed by the answer "No". A part of the closing paragraph of

the application says: "I hereby declare that the foregoing answers to the above questions are complete and true, and I hereby agree (1) that no information acquired by any representative of the company shall bind the company unless set forth in writing in this application; (2) that no waiver or modification shall bind the company unless in writing and signed by the Secretary or Assistant Secretary; * * *".

It was alleged that each of such inquiries were false and material to the risk, and that the policy would not have been issued if the facts had been correctly stated. Plaintiffs' reply denied the interposed defenses, and affirmatively alleged that the agent of defendant, one Albert B. Scent, filled out the blank application and that all the facts with reference to the health of the insured and his surgical operations were then told to him, and that in addition thereto, he knew the facts before the application was executed. The affirmative allegations of the reply were denied and a trial had before a jury which returned a verdict in favor of plaintiffs for the full amount of the policy. Defendant's motion for a new trial was overruled and it has filed a transcript of the record in this court with a motion for an appeal which is now sustained, and the appeal granted.

The testimony heard at the trial indisputably established these facts: That in November, 1941, Dr. J. G. Tye, of Barbourville, Kentucky, operated on the insured and removed his ruptured appendix. Following his recovery therefrom and on February 27, 1943, Dr. Chas. B. Stacey (Dr. Tye having died in the meantime) operated on the insured for adhesion of the bowels, which he, without contradiction by any witness, testified was due to the previous appendectomy. Insured returned to his home after that operation; but on July 28, 1943, the intestinal obstruction again appeared and Dr. Stacey performed another operation followed by insured's death the next day. In the meantime between the two operations performed by Dr. Stacey the policy had been applied for and was issued. Defendant in its motion for a new trial, which the court overruled, relied on a number of alleged errors committed by the court, the first of which is, that the court erred in overruling defendant's motion for a peremptory instruction in its favor at the close of plaintiffs' testimony, and in overruling the same motion made at the close of all of the testimony. The second ground complained of the admission of incom-

petent testimony introduced by plaintiffs, and rejected competent testimony offered by defendant, whilst the third ground complained of the instructions given and refused. Under the conclusion we have reached, with reference to ground (1), it will be unnecessary to consider or determine the other two grounds.

As we interpret the answers to the questions propounded in the application, they undoubtedly conveyed the information to the defendant that the insured had undergone but one operation, which was for appendicitis. But, if it were otherwise, then the negative answer to the question as to whether the one operation for the appendectomy was followed ''with any remaining effects'' was both material and untrue and which was established, as we have said, by the testimony of Dr. Stacey. Mrs. Bruner who signed the application, says she did not read it, but she had obtained a high school education and was an assistant to and bookkeeper for her husband who ran a country store.

Plaintiffs seek to avoid the effect of the incorrect answers made in the application upon the two grounds (a) that the local agent of the defendant filled out the application as we have hereinbefore stated, and (b) that he possessed prior knowledge of the second and third operations performed upon the insured by Dr. Stacey, and that he thereby waived the false answers to questions propounded in the application and by which his principal, the defendant, is bound. We had before us for determination the same question of estoppel and waiver by the local agent in the cases of Connecticut Fire Insurance Co. v. Roberts, 226 Ky. 534, 11 S. W. 2d 148; Prudential Insurance Co. of America v. Jenkins, 290 Ky. 802, 162 S. W. 2d 791; Prudential Ins. Co. v. Lampley, 297 Ky. 495, 180 S. W. 2d 399, and a number of others since the rendition of the Roberts opinion. We held in the latter opinion that an insurance company had the right to limit the authority of its agents, and persons dealing with them, with knowledge of such limitations, are bound by them. We furthermore held in that opinion that when an applicant for insurance signed the application which contained on its face the limitations of an agent's authority acting for and on behalf of his principal, then the applicant would be bound by the limitations contained in the executed paper, which in that case was an insurance contract.

No fraud on the part of the agent is relied on in this case and the rights of the parties emanate from and exclusively rest upon the terms of the contract, parts of which are set forth in the ·application for the policy sought to be collected. In disposing of the same question of waiver by the local agent we said in the Jenkins case, supra [290 Ky. 802, 162 S. W. 2d 796] that: "It is sufficient for the purposes of this case to say that it is settled by the decisions of this and a vast majority of other courts that agents not possessing the powers of 'general agents' (and it is certain that Long did not possess them) are without power to waive provisions of applications for insurance, and their attempts and agreements to do so are not binding upon the company, except where the applicant is without either actual or constructive notice of the limitations upon their authority. See Connecticut Fire Insurance Co. v. Roberts, 226 Ky. 534, 11 S. W. 2d 148, in which Commissioner Drury has thoroughly analyzed the prior decisions of this court bearing upon this subject."

In the later Lampley case the same question was involved, i. e. the right of a local agent, with known limited authority, to bind his principal by waiver of material facts. We answered it adversely to the contentions of plaintiffs herein by saying [297 Ky. 495, 180 S. W. 2d 401]: "Appellee endeavored to show that appellant, through its agent, Leo Blake, had knowledge of all the facts, and it is argued that it is estopped to rely upon the falsity of the answers in the application. Blake was merely a soliciting agent, and the applicant had notice of the limitations upon his authority. In the recent case of Prudential Insurance Co. v. Jenkins, 290 Ky. 802, 162 S. W. 2d 791, it was held that where limitations on the soliciting agent's authority are contained in the application, the insured is bound to take notice thereof and cannot hold the company bound for acts of the agent beyond such limitations. Such an agent cannot bind his principal by an act of waiver which conceals information in the application material to the risk, Staples v. Continental Insurance Co., 223 Ky. 842, 5 S. W. 2d 265; Connecticut Fire Ins. Co. v. Roberts, 226 Ky. 534, 11 S. W. 2d 148."

In the light of the cases supra (although prior opinions were more or less confused with reference to the questions involved) we have no alternative to determine otherwise, even if we were doubtful as to the correctness

340

of such holdings, but which is untrue. If we were to follow some of the opinions rendered prior to the Roberts opinion and hold that one of the parties to a written contract could excuse himself by saying that he failed to read it before signing it, then a written contract becomes of no more efficacy than a parol one. If the application made in this case had been read by Mrs. Bruner before she signed it for the involved policy she would then have adopted as her statements those which she now claims were wrongfully contained therein by defendant's local agent, and by failing to read it—or have some one to do so, if she was unable to read it—the statements written in the application by the local agent and containing the limitations of his authority are all actually or constructively known to her and she may not thereafter repudiate the answers in the application and recover on the policy, when the representations are such as are referred to in section 296.160 of KRS.

Wherefore, the judgment is reversed with directions to sustain the motion for a new trial, and if the evidence is substantially the same on another trial, if one be had, the motion by defendant for a peremptory instruction should be given, and for other proceedings consistent with this opinion.