# Continental Casualty Co. v. Neikirk.

March 3, 1950.

As Modified on Denial of Rehearing

April 25, 1950.

E. B. Beatty, Judge.

Davis, Boehl, Viser & Marcus and S. H. Rice for appellant.

Shumate & Shumate for appellee.

JUDGE LATIMER—Reversing.

Appellee, Floyd S. Neikirk, sought to recover from appellant, Continental Casualty Company, on policies of health and accident insurance. He recovered judgment in the sum of $875.35, from which this appeal is prosecuted.

The fight here is over the effective date of the policies. The date as shown on the face of the policies is November 20, 1947. Appellee insists that the effective date should be November 14, 1947, which is the date he signed the application. Three days after he had signed the application, or on November 17th, appellee was injured in an automobile accident wherein his left leg was broken. As a result he was hospitalized and incapacitated from work.

The record shows that on November 14, 1947, J. A. Tucker, an agent of appellant company, first contacted appellee about an insurance policy. It appears that at this meeting nothing was done, but later in the day at LaGrange, Tucker again contacted appellee, at which time the application was signed.

Appellee says that Tucker told him at the time that, if he would sign the application, his insurance would be effective immediately upon signing the application. Tucker said that he explained to the applicant that if application was made between the 10th and 20th and dated the 20th, there would be a single premium, but if dated before the 20th, there would be a double premium. Pursuant to this explanation to appellee, the application was dated the 20th, although actually signed on the 14th.

Appellant takes the position that at most Tucker was only a soliciting agent, and as such had no power to bind appellant, and that he was limited to taking applications and submitting them for approval. Tucker testified that he was a reporting agent.

Appellant insists the court should have directed a verdict in its favor because Tucker was only a soliciting agent, and second, because appellee, having accepted the policy bearing the date November 20, 1947, on which he had brought suit, thereby acquiesced in the action of the appellant in dating it November 20th.

Appellee, on the other hand, contends that Tucker was more than a mere soliciting agent, and that Tucker recognized himself to be more as evidenced by his statement that the policy of insurance would become effective at the time of signing of the application and as further evidenced by his letter of November 19th, which was written two days after the injury and one day before the policy as issued was dated. The letter reads:

"136 No. Randolph
"Clarksville, Ind.

"Mr. Floyd S. Neikirk,
"Irvine, Kentucky
"Dear Mr. Neikirk:

"Heard today of your misfortune. This is just

a line to tell you not to worry about your Ins. which you sign for Fri. You just forget about it until you go back to work and then let me know, and I will get the form fill out and pay you your claim. Here hoping you a speedy recovery.

"Yours truly

J. S. Tucker, Agent"

It will be seen immediately that the controlling question presented is whether or not Tucker was general agent with power to waive policy provisions, or a soliciting agent with certain very definite limitations upon his authority. The power and authority of these two classes of agencies are discussed and distinguished in the case of Prudential Insurance Company of America v. Jenkins, 290 Ky. 802, 162 S. W. 2d 791. To determine which of the two Tucker was, we look to the contract of agency with Tucker. This contract shows Tucker is authorized to solicit applications and collect premiums on issued policies. Provision also is made for the contingency when application for insurance is rejected by the Continental Casualty Company. Thus, it will be seen that the Company retained the right to approve or reject the application. This authority rested solely in the hands of the Company. If the agent was without authority to waive contract provisions or to bind his principal by an oral statement as to the construction of the insurance contract, and the application was ultimately subject to approval or rejection of the Company, obviously, Tucker had no power to predate the effective date of the insurance by a mere oral statement. See Prudential Insurance Company of America v. Lampley, 297 Ky. 495, 180 S.W. 2d 399; and Anderson et al v. Aetna Life Insurance Company, 303 Ky. 322, 197 S. W. 2d 781.

We now look to see whether or not there is anything to bring to the attention of applicant the fact that Tucker was merely a soliciting agent. At the top of the application to the Company for this insurance, we note these words printed in bold type: "Soliciting agent fill in applicable spaces below." This was appellee's application for insurance, but, on the form presented by Tucker. It definitely shows on its face, in terms that at least should have been understandable, that Tucker,

through whom applicant was dealing, was a soliciting agent.

A different view might be taken of this matter had this agent, by continued practice made these representations for the purpose of procuring immediate signatures to applications, and the Company had knowledge of such practice. If it be true that this is a single case where such statement was made by the agent to procure the immediate signing of the application, with knowledge on his part that the application was subject to approval of the Company, then it is a matter between the appellee and this agent.

We conclude that this agency was limited and that the insured cannot hold the Company for acts beyond such limitations. The court should have directed a verdict for appellant.

Having so concluded, we deem it unnecessary to consider other questions raised by appellant.

The judgment is reversed for proceedings consistent herewith.