## THOMAS JEFFERSON FIRE INS. CO. OF LOUISVILLE v. BARKER.

Court of Appeals of Kentucky.
Oct. 16, 1952.

S. Y. Trimble IV, Hopkinsville, for appellant.

Keith & Breathitt, Edward T. Breathitt, Jr., Hopkinsville, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment rendered in favor of the appellee, Francis Barker, in the sum of $500 against the appellant, Thomas Jefferson Fire Insurance Company of Louisville, Ky., on a fire insurance policy. At the conclusion of the introduction of all the evidence, both parties moved for a peremptory instruction on their behalf. The court overruled appellant's motion and sustained that of appellee.

The appellant contends, first, that the court erred in sustaining appellee's motion for a directed verdict because there was an issue of fact which should have been submitted to the jury.

On January 14, 1947, appellee purchased an insurance policy from appellant which protected her to the extent of $500 against loss or damage by fire to her household and personal effects. The premium was $1 per month, and the policy was automatically renewed from month to month upon the payment by her of the premium. The per-

sonal property covered by the policy was described as that which belonged to the insured and all members of the insured's family usual and incidental to the occupancy of premises located on Jackson Street in Pembroke.

The policy contained the following provisions: (1) "This policy may be transferred to another location by agreement endorsed hereon or added hereto." (2) "No permission affecting this insurance shall exist or waiver of any provision be valid unless granted herein or expressed in writing added hereto."

Appellee moved her furniture to her mother's house on Schley Street in Pembroke. In December 1949, while the policy was in effect, the house on Schley Street burned and appellee's property was destroyed. Appellant denied payment under the policy on the ground that the only property covered by the policy was household and personal effects located on Jackson Street and because no permission had been granted in writing to remove the property to Schley Street where it was destroyed by fire. Appellee then brought suit in which she alleged that at a time when this contract of insurance was in effect, D. E. White, an authorized agent of the company, had given her permission to move the personal property to another location. Appellant, by answer, denied that White granted such permission and stated that even if he had, his action was not binding on the appellant because White was authorized only to solicit applications for insurance and to collect premiums.

The evidence introduced on the question of permission to remove the property is conflicting. Appellee testified that about a year prior to the fire, which occurred in December 1949, she moved her furniture and, that in July 1949, White told her this was all right so long as her furniture remained in Pembroke. She also testified that at the time she moved the furniture she notified some other agent but this testimony is vague. Cordie Harris testified that she heard a conversation between appellee and White in which she heard appellee tell White that the furniture had been moved over to her mother's place.

D. E. White testified that he went to work for appellant on the 28th day of February, 1949, which was after the time appellee fixed as the moving date, and that his duties consisted of taking applications and collecting monthly premiums. He stated that he collected the monthly premiums on the policy issued to appellee but he received them most of the time from her sister. He said that he saw appellee only two or three times and that at no time did he have any conversation about moving the furniture, nor did he ever know, prior to the fire, that the personal property had been moved from Jackson Street to Schley Street. He also stated that appellee had never told of the furniture's removal, nor requested an application from him for a removal permit.

Thus it appears that appellee based her right to recover upon the notification she claims was given to D. E. White. White, in turn, denied that such notification was had or that he made any representation in connection with the removal of the property.

The right of decision on every issue of fact is exclusively for the jury. Shell v. Town of Evarts, 296 Ky. 602, 178 S.W.2d 32. On a motion for a peremptory instruction, where there is any evidence of substance to sustain an issue, the question is for the jury. Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S.W.2d 379. It is only when all the evidence tends to support the cause of action alleged and to disprove the defense that the court should peremptorily instruct a verdict for the plaintiff. Rammage v. Kendall, 168 Ky. 26, 181 S.W. 631, L.R.A.1916C, 1295. A directed verdict is proper where there is no conflict in evidence or where the evidence introduced is susceptible of but one interpretation by reasonable men. But we find nothing in this case that demands the application of that rule. Here there is a sharp conflict between the testimony of appellee and her witness, Cordie Harris, that she had notified White, and the testimony of White that he had never been informed of the furniture's removal. Therefore, in our opinion the court should not have directed a verdict for appellee.

864

■■ Appellant next contends that a verdict should have been directed for it because no evidence was produced to show that a removal permit had been issued by an authorized agent of the insurance company. This argument is based on the contention that the evidence showed White to be only a soliciting agent and collector and, as such, under the rules laid down by this court in the case of Prudential Ins. Co. of America v. Jenkins, 290 Ky. 802, 162 S.W.2d 791; Continental Casualty Co. v. Neikirk, 312 Ky. 577, 229 S.W.2d 58, he had no authority to waive provisions of the policy. However, White testified that it was his duty to make out requests for removal permits, and an officer of the company testified that such requests, upon transmission to the company, were usually granted as a matter of course because the company relied upon the solicitor's judgment as to whether the hazard had been increased. Therefore we believe that it was within the scope of White's duties to accept and transmit requests for removal permits and, if appellee did in fact inform him of it and he either misled her by a statement that it made no difference, or failed to transmit the knowledge given him, the insurance company is bound by his acts. Such knowledge, when acquired within the scope of his duties of employment, is imputed to the company. Kentucky Central Life & Accident Ins. Co. v. Edmonson, 218 Ky. 825, 292 S.W. 511; 45 C.J.S., Insurance, § 692. Furthermore, if appellee's testimony is accepted as being true, appellant, in addition to having knowledge of the removal, had accepted monthly premiums for about six months after this knowledge was imputed to it, and, having accepted the premiums after knowledge of the removal, the appellant is estopped to deny that appellee's property was covered by the policy.

We said in Aetna Ins. Co. v. Weekley, 232 Ky. 548, 24 S.W.2d 292, 293:

"It is the universally declared rule that what facts are necessary to create a waiver is a question of law; but, whether such facts were or not true, if denied, is a question to be determined by the jury under proper instructions * * *."

In the case at bar, as we have stated, there is a controversy of fact between the parties concerning whether or not any agent of the insurance company was notified by the insured of the removal of the furniture. We believe that if appellant's agent, White, was in fact informed of the removal, his actions were binding upon the company. But the question of whether or not he received this information should have been submitted to the jury. It is our conclusion that the judgment should be reversed because the circuit court directed a verdict when there was a question of fact to be decided by the jury.

Judgment reversed.