### CALVERT FIRE INS. CO. v. HORN.

Court of Appeals of Kentucky.

Nov. 21, 1952.

Dysard & Dysard, Ashland, for appellant.

Jasper H. Preece, Inez, for appellee.

SIMS, Justice.

Appellee, Ransom Horn, sued the Calvert Fire Insurance Company, hereinafter referred to as the Company, for $334.35 on a policy it issued him insuring his automobile against damages it might sustain in a collision or upset. Horn recovered the full amount for which he sued, and the Company on its motion for an appeal seeks a reversal of the judgment because the court erred: 1. In refusing to direct a verdict in its behalf; 2. in improperly instructing the jury; 3. in admitting incompetent evidence. As we think the first ground is well taken, we will not discuss the other two.

Appellee on August 23, 1948, purchased a Chevrolet automobile on the installment plan from the State Motor Company of Williamson, West Virginia, which acted as agent for the insurance company in selling appellee the policy insuring his car for its full value against collision and upset. By its terms the policy ran from August 23, 1948, until February 23, 1950, the date the last payment was due on the car. Named in the policy as beneficiaries were appellee and the Commercial Credit Corporation, which financed the car. The car was insured as a pleasure vehicle and the policy shows Horn gave his occupation as a coal operator. He could not state definitely when he put the car in taxi service but says it was within a month after he bought it.

The policy contained these provisions:

"This policy does not apply:

"(a) under any of the coverages, while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor; * * *".

"Changes

"Notice to any agent or knowledge possessed by any agent or by other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."

Contained in the policy was a provision that the Company could cancel it upon five days' written notice to the insured, "The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. * * * Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective."

The accident upon which this action is based occurred on December 4, 1949. Prior

thereto, appellee had another accident and while a representative of the Company was investigating the first accident he discovered the car was being used as a taxi, and the proof shows the Company on July 6, 1949, mailed Horn a notice that the policy was canceled as of July 14, 1949. The notice stated the excess of the premium "will be refunded on demand to the local office of the Commercial Credit Corporation, at Huntington, the additional assured, to which all payments are made for the account of all interests."

Appellee testified he did not receive this notice and that the insurance company's agent, State Motor Company, who sold him the car had known from the time he bought the car that it was to be used as a taxi, although at the time of the accident he was not using it as such but was taking home some ladies who were his personal friends and he charged them no fares. He argues that the knowledge of the agent of the insurance company as to the use he was making of the car was notice to the Company that he was using it as a taxi, and thereby the Company by taking no action waived the provision of the policy that it did not cover a vehicle used in taxi service.

The answer pleaded the various provisions of the policy to which reference is made above; that the policy did not cover a car used as a taxi; that it had been canceled on July 14; and the agent of the Company could not change the terms of the policy and notice to, or knowledge of, any agent shall not effect a waiver or work an estoppel against the Company.

In urging it was entitled to a directed verdict, the Company insists, first, the policy by its terms did not cover a car used as a taxi; second, its proof conclusively showed notice of cancellation had been mailed to appellee on July 6, which terminated the policy on July 14. As the first ground has merit, it will not be necessary for us to discuss the second.

■ In obtaining the policy appellee represented the car was to be used for pleasure, then almost immediately he started using it as a taxi and the policy expressly and clearly stated the insurance contract did not cover the vehicle while "used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor". The record shows the premium on this policy for a pleasure vehicle is $158.50, while for a taxi it is $291.49, a difference of $132.99. If appellee at the time he took this policy knew he was going to use the car as a taxi, he made a false representation material to the risk, which voided his policy. Standard Auto Ass'n v. Henson, 201 Ky. 230, 256 S.W. 414; Svea Fire & Life Ins. Co. v. Walker, 235 Ky. 289, 30 S.W.2d 1105; King v. Ohio Valley Fire & Marine Ins. Co., 212 Ky. 770, 280 S.W. 127. If at the time appellee obtained the insurance he intended to use his car for pleasure and later decided to use it as a taxi, his policy plainly told him it did not cover a vehicle put to such use.

■ There is no force in the argument that the Company's agent soon after the car was purchased knew appellee was using it as a taxi, therefore the Company when it took no action waived the provision in the policy that it did not cover a vehicle used as a taxi. The policy expressly provided no agent of the Company had authority to waive or change the terms thereof. The familiar rule in this jurisdiction is that the insured is chargeable with notice of the limitation on the agent's authority contained in the policy. Connecticut Fire Ins. Co. v. Roberts, 226 Ky. 534, 11 S.W.2d 148; Prudential Ins. Co. of America v. Lampley, 297 Ky. 495, 180 S.W.2d 399.

■ We are not impressed by the argument that at the time of the accident the car was not being used as a taxi but for appellee's pleasure in taking some friends home without charging them. It might as well be argued that a taxi standing at a cab stand or while being repaired in a garage is not being used as a public conveyance. Evidently, the reason the policy did not cover a car used as a taxi unless such use were specified in the contract and a higher rate paid for the insurance, is not because a taxi operator charges fares, but is because the vehicle is on the road

more hours and travels more miles than a pleasure car; therefore, a taxi is more apt to be in a collision than is a vehicle used for pleasure. As stated at the outset of the opinion, since we have reached the conclusion that the trial judge should have directed a verdict for the Company since the car was used as a taxi and was expressly excluded from coverage by the policy, it is not necessary to discuss the other points raised by the Company. Should the evidence be substantially the same on another trial, the court will direct a verdict for the Company.

The motion for an appeal is granted and the judgment is reversed for proceedings consistent with this opinion.