**Harry GORDON, Norman Gordon and Morton Norris, d/b/a Harry Gordon Scrap Material Company, Plaintiffs,**

v.

**PHŒNIX ASSURANCE COMPANY OF NEW YORK, Defendant.**

**No. 1279.**

United States District Court
E. D. Kentucky,
Lexington.

Sept. 5, 1958.

Miller & Griffin, Lexington, Ky., for plaintiffs.

Stilz, Rouse & Measle, Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Chief Judge.

Under a policy of liability insurance issued by the defendant to the plaintiffs as partners engaged in the business of scrap material dealers, the plaintiffs seek to recover the amount paid by them for damages to property of the State of Kentucky resulting from negligence of the plaintiffs' employees in the use of an acetylene torch in cutting boilers to be removed from a building of the State of Kentucky wherein they were located.

Both parties have made motions for summary judgment on the ground that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Merely because each side moves for a summary judgment, it does not fol-

low that there is no issue of material fact. Begnaud v. White, 6 Cir., 170 F. 2d 323; Walling v. Richmond Screw Anchor Co., 2 Cir., 154 F.2d 780.

■ To support its motion for summary judgment, the defendant has filed no affidavits but relies upon the undisputed facts appearing in the record that at the time of the accident plaintiffs were engaged in cutting boilers with an acetylene torch, and that the policy relied upon by plaintiffs is subject to an endorsement attached to and made a part of it providing "that the policy does not cover accidents arising out of wrecking or salvaging operations of any nature". It seems obvious that whether the mere cutting of boilers for the purpose of removing them from the building wherein they were located falls within the classification of "wrecking or salvaging operations of any nature" presents material questions of fact which cannot be resolved upon anything less than a full and careful inquiry into all the facts and circumstances connected with the operation (Walling v. Reid, 8 Cir., 139 F.2d 323), and hence summary judgment is not authorized in favor of the defendant. The defendant's motion should be overruled.

■ The motion for summary judgment filed by the plaintiffs rests upon two contentions sought to be sustained by the affidavits of one of the plaintiffs and another person engaged in the same type of business. The first contention is that the operation in which the plaintiffs were engaged in cutting and removing the boilers from the building was merely an operation incidental to their business as dealers in scrap material and did not constitute "wrecking or salvaging operations of any nature" within the meaning of the exclusion attached to the policy. The affidavits relied upon in this respect are to a large extent expressions of opinion and show nothing as to the extent of the cutting operations and nothing indicating that the boilers, before being cut, were properly classified as "scrap material". Where, notwithstanding the affidavits introduced by the moving party,

there is nevertheless a reasonable indication that a material fact is in dispute, a motion for summary judgment should not be granted. Begnaud, supra; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Bellak v. United Home Life Ins. Co., 6 Cir., 211 F.2d 280; Estepp v. Norfolk & W. Ry. Co., 6 Cir., 192 F.2d 889.

"A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear." Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216.

On the record as it stands, I am unable to say that "it is quite clear what the truth is" in respect to the contentions of either of the parties. Garrett Biblical Institute v. American University, 82 U.S. App.D.C. 265, 163 F.2d 265, 267.

■ The plaintiffs' second contention is that by reason of certain acts of defendant's local agent, after being fully informed as to the nature of plaintiffs' operations, the defendant is estopped to rely upon the provision of the policy excluding from its coverage "wrecking and salvaging operations". Even if the facts relied upon were not sufficiently put in issue by the agent's counter affidavits, to demonstrate that this contention of the plaintiffs presents no genuine issue in this case, it seems sufficient to point out that condition No. 15 of the insurance policy provides:

"Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company."

It is the established rule in Kentucky that "the insured is chargeable with notice of the limitation on the agent's authority contained in the policy" and can not hold the company estopped by reason of the

acts of the agent beyond such limitation. The plaintiffs' plea of estoppel in this case is untenable and presents no material issue. Calvert Fire Insurance Co. v. Horn, Ky., 253 S.W.2d 10, 12; Employers Mutual Fire Insurance Co. v. Cunningham, Ky., 253 S.W.2d 393.

For the reasons indicated, both motions for summary judgment are denied. An order will be entered accordingly.