Merle HALL, Appellant,

v.

Kathryn HAMLIN et al., Appellees.

Court of Appeals of Kentucky.

June 30, 1972.

Rehearing Denied Oct. 6, 1972.

F. Preston Farmer, Hamm, Taylor, Milby & Farmer, London, for appellant.

Brown & Tooms, London, for appellees.

STEPHEN P. WHITE, Jr., Special Commissioner.

Appellee Kathryn Hamlin was injured April 4, 1968, in a collision near London, Kentucky, between the car she was driving and one driven by appellant Merle Hall. Trial before a jury in December, 1969, resulted in a substantial verdict for Kathryn and a much smaller one for the property damages of the other appellees who owned the car driven by Kathryn.

Kathryn was travelling alone, but Hall had several passengers in his car including his half-brother Verlan Burkhart. Both Kathryn and Hall suffered traumatic loss of memory from the force of the collision as a result of which neither of them was able to testify as to how or why the collision happened. However, Burkhart, passenger in appellant Hall's car, testified by

deposition (as the only eye witness) as to how the collision occurred. During the taking of Burkhart's deposition prior to the trial he was cross-examined by Kathryn's counsel regarding certain statements, inconsistent with his deposition, allegedly made by Burkhart shortly after the accident. Burkhart, in his pre-trial deposition, categorically denied any such inconsistent statements. The trial judge admitted into evidence the testimony of several witnesses regarding Burkhart's inconsistent statements made by him shortly after the accident, admissibility being apparently based upon Jett v. Commonwealth, Ky., 436 S. W.2d 788 (1969).

Appellant contends that there was insufficient evidence to take appellees' case to the jury, and that the trial judge should have sustained appellant's motions for a directed verdict, or for judgment n.o.v. Appellant's grounds for reversal are (1) that prior inconsistent statements received as substantive evidence under *Jett* will not, standing alone, create an issue of fact sufficient to take a case to a jury; (2) that the examiner used questions improper in form in interrogating the impeaching witnesses; (3) that evidence regarding the prior inconsistent statements was inadmissible because the witness Burkhart was not physically present at the trial, having testified by pre-trial deposition; finally, (4) that if this judgment is affirmed opportunities for fraud will be increased, in some manner not explained.

■ At the outset we note the fact that appellees have filed no brief. We therefore accept appellant's statement of fact and issues as correct, which is the least serious of the penalties provided by RCA 1.-260; Belcher v. Elkins, Ky., 347 S.W.2d 503 (1961). However, that assumption does not reach the heart of this case which basically consists of questions of law, not of fact.

We quote from *Jett*, 436 S.W.2d at page 792:

"The result is that an out-of-court statement made by any person who appears as a witness, which statement is material and relevant to the issues of the case, may be received as substantive evidence through the testimony of another witness, and need not be limited to impeachment purposes."

■ We hold that once the out-of-court statement of a witness is received as evidence of substance, that evidence being in conflict with other substantive evidence, an issue of fact arises which lies exclusively, for its resolution, within the province of the jury. As we said in Thomas Jefferson Fire Insurance Company v. Barker, Ky., 251 S.W.2d 862 (1952) :

"The right of decision on every issue of fact is exclusively for the jury . . . On a motion for a peremptory instruction, where there is any evidence of substance to sustain an issue, the question is for the jury."

The trial judge was therefore correct in allowing this case to go to the jury, and in overruling appellant's motions for a directed verdict and for judgment n.o.v.

■ The examiner's questions to the impeaching witnesses may be objectionable as to form, but we are not pursuaded that any substantial injustice was done, and we so hold under CR 61.01.

■ We do not understand *Jett* to require the physical presence at the trial of the witness whose out-of-court inconsistent statement is offered where, as in this case, that witness has previously testified by deposition filed in the record in which the proper foundation was laid for introduction at the trial of the inconsistent out-of-court statement. Both the appellant and his witness Burkhart had fair notice, by reason of the cross-examination and denials of Burkhart in his pre-trial deposition, that evidence of prior inconsistent statements by Burkhart would most likely be offered at the trial. We hold that there

was no error in the reception of this evidence.

Finally, we are not impressed by appellant's unsupported assertion that opportunities for fraud will be increased by our holding that *Jett* is controlling in this case, for as we said in *Jett* 436 S.W.2d at page 792:

"We are of the opinion that when a witness has testified about some of the facts of a case the jury should know what else he has said about it, so long as it is relevant to the merits of the case as distinguished from collateral issues. Our opinions to the contrary, beginning with Champ v. Commonwealth, 59 Ky. (2 Metc.) 17, 74 Am.Dec. 388 (1859), and including both those that apply to one's own witness and those that apply to the adversary's witness, are overruled."

The judgment is affirmed.

All concur.